Alton **CHAPMAN** and Frances Chapman, Plaintiffs,

v.

**CBS CORPORATION, et al., Defendants.**

No. 14cv7704–RA–FM.

United States District Court,
S.D. New York.

Signed Oct. 19, 2015.

Peter Tambini, Daniel Joshua Wasserberg, Gennaro Savastano, Pierre Alex Ratzki, Weitz & Luxenberg, P.C., New York, NY, for Plaintiffs.

Angela Digiglio, Kirkpatrick & Lockhart Preston Gates Ellis LLP, Eric Randolph Ian Cottle, Nicole Melody Kozin, Tara Lynne Pehush, K & L Gates LLP, New York, NY, Afigo Fadahunsi, Newark, NJ, Dennis Enrique Vega, Sedgwick LLP, San Francisco, CA, Donald J. Fay, Waters, McPherson, McNeill, PC, Secaucus, NJ, for Defendants.

## MEMORANDUM DECISION AND ORDER

FRANK MAAS, United States Magistrate Judge.

This is a mesothelioma case. Plaintiffs Alton Chapman and his wife Frances Chapman (together, the "Plaintiffs") seek to recover damages for personal injuries allegedly sustained when Alton Chapman was exposed to asbestos. (ECF No. 69 ("Pls.' Mem.") at 1). In their original state court complaint, the Plaintiffs advanced negligence and strict liability claims against a veritable sea of defendants, including Foster Wheeler, LLC, which removed the case to this Court, and Crane Co., individually and as successor to Pacific Valves ("Crane"). (ECF No. 1 & Ex. A). The only defendant still actively defending the case is Crane.[1] (Pls.' Mem. at 1 n. 1).

The Plaintiffs have now moved for leave to file a first amended complaint ("FAC") pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. (ECF No. 67). The effect of that amendment would be to eliminate any federal claims or defenses in this lawsuit. For the reasons set forth below, that motion is granted.

### I. Procedural Background

The Plaintiffs commenced this action on or about August 29, 2014, by filing their summons and complaint in Supreme Court, New York County. (ECF No. 1 Ex. A). Subsequently, after Alton Chapman indicated in his responses to interrogatories that he had been exposed to asbestos while serving in the United States Navy, Foster Wheeler timely removed the case to this Court, pursuant to 28 U.S.C. § 1442(a)(1), based upon the federal government-contractor defense. (Pls.' Mem. at 1; ECF No. 1 & Ex. B).

On July 20, 2015, Crane moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 57). In that motion, Crane alleges that there is no evidence that it manufactured or sold any product that injured Alton Chapman. Crane further alleges that it is not responsible for asbestos-containing material placed into the stream of commerce by others. (ECF No. 59). Thus, neither theory on which Crane seeks summary judgment relates to any federal claim or defense in this action. The motion is fully submitted, but it remains undecided.[2]

On August 8, 2015, the Plaintiffs moved, pursuant to Rule 15(a), for leave to file the

---

1. The claims against CBS Corporation and related entities were dismissed without prejudice on November 11, 2014, (ECF No. 20), and the claims against Elliot Co. were dismissed with prejudice on August 6, 2015, (ECF No. 65).

2. The last document filed in connection with the summary judgment motion is Crane's reply brief, (ECF No. 78), which is identified inaccurately on the Court's electronic docket as a reply affidavit.

FAC. (ECF No. 67). The express goal of their motion is to abandon "all claims upon which any alleged federal defense could be premised," so that the Plaintiffs subsequently may move to "remand this action to state court." (Pls.' Mem. at 1–2). On September 3, 2015, Crane filed its papers in opposition to the Plaintiffs' motion, (ECF No. 75 ("Opp. Mem.")), and on September 11, 2015, the Plaintiffs filed their reply, (ECF No. 76 ("Reply Mem.")).

## II. *Applicable Law*

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its complaint once as a matter of course "within ... 21 days after the service of a responsive pleading." Thereafter, however, the party may do so "only with ... the court's leave," which should "freely" be given "when justice so requires." Fed.R.Civ.P. 15(a). "Notwithstanding the liberality of the general rule, 'it is within the sound discretion of the court whether to grant leave to amend.'" *Am. Home Assurance Co. v. Merck & Co.*, No. 03 Civ. 3850(VM)(JCF), 2004 WL 2149103, at *1 (S.D.N.Y. Sept. 24, 2004) (quoting *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir.1994)). A court therefore may deny leave to amend when it finds an "apparent" reason to do so, "such as ... bad faith, ... undue prejudice to the opposing party ... [, or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *accord Hemphill v. Schott*, 141 F.3d 412, 420 (2d Cir.1998). "The non-movant bears the burden of showing prejudice, bad faith and futility." *Grant v. Citibank (South Dakota) N.A.*, No. 10 Civ. 2955(KNF), 2010 WL 5187754, at *6 (S.D.N.Y. Dec. 6, 2010).

## III. *Discussion*

Crane asserts that granting the Plaintiffs leave to file the FAC would be both prejudicial and futile. *Foman*, 371 U.S. at 182, 83 S.Ct. 227. Neither contention is persuasive.

### A. *Prejudice*

Crane first maintains that granting the proposed amendment would be prejudicial because it would adversely impact their pending motion for summary judgment. (Opp. Mem. at 1–2). Ironically, however, the amendment, standing alone, will not have any effect on that motion. As noted previously, the motion does not relate to any federal claims or defenses. It is, instead, only the Plaintiffs' anticipated motion to remand—which has yet to be filed—that could potentially be prejudicial. (*See* Opp. Mem. at 2). Although the Plaintiffs have made clear their intent to move for a remand should their present motion be granted, that motion is not before the Court. Accordingly, Crane's assertion that the amendments would be prejudicial is premature.[3]

### B. *Futility*

Crane's second contention is that the Plaintiffs' proposed amendments are futile.

Courts commonly consider the futility of amendments when a plaintiff seeks to assert additional claims in an effort to defeat a pending motion. *See, e.g., Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 89–91 (2d Cir.2002) (Considering futility where Plaintiff sought leave to assert a First Amendment claim to defeat a pending motion to dismiss). The inquiry thus is intended to ensure that any additional claims could plausibly alter the outcome of the motion. *Id.* at 88 ("[Amendments] will be futile if the proposed claim could not withstand a motion to dismiss."). In this action, however, the Plaintiffs seek to delete claims in order to deprive the Court of feder-

---

3. Should the Plaintiffs move for a remand, the Court will then be able to consider the merits of that motion. *See Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir.2004) ("When ... a federal court dismisses all claims over which it had original jurisdiction, it must reassess its jurisdiction over the case by considering several related factors-judicial economy, convenience, fairness, and comity.") The Court will also be able to consider "whether [the Plaintiffs] ha[ve] engaged in forum manipulation." *Maguire v. A.C. & S., Inc.*, 73 F.Supp.3d 323, 329 (S.D.N.Y. 2014). Here, the Plaintiffs' papers essentially admit that they believe they will have a better chance of defeating Crane's motion for summary judgment in state court. (Reply Mem. at 6). On the other hand, it is not the Plaintiffs who brought this case to federal court.

al question jurisdiction. Thus, the question is not really whether the FAC "would enable [the Plaintiffs] to survive summary judgment," as Crane claims. (Opp. Mem. at 1–2). Rather, the Court must consider whether a motion to remand the case after the FAC is filed would be futile.

Judged by that criterion, Crane has failed to put forward facts sufficient to meet their burden of establishing futility. Indeed, Crane seems to admit that a follow-on motion to remand may be meritorious. *(See* Opp. Mem. at 2 n. 1 (noting that a remand "is not inevitable," even if the Court grants Plaintiffs leave to file their FAC)). As the Plaintiffs correctly observe, Judge Paul Engelmayer recently remanded another mesothelioma case in which the plaintiffs similarly sought a remand after amending the complaint "to remove any federal claims or defenses." *See Maguire v. A.C. & S., Inc.,* 14 Civ. 7578(PAE), 2015 WL 4934445, at *1 (S.D.N.Y. Aug. 18, 2015). In that case, however, the plaintiffs filed their motion to remand "before any discovery had been conducted and indeed before an pretrial conference had been held." *Id.* at *5. Here, by comparison, a summary judgment motion has been fully briefed. Accordingly, it is possible that the Court might decide to retain jurisdiction over the Plaintiffs' state law claims. Given that possibility, the Court cannot say as a matter of law that the amendment proposed is futile.

## IV. *Conclusion*

For the foregoing reasons, the Plaintiffs' motion for leave to file an amended complaint, (ECF No. 67), is granted.

SO ORDERED.